**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Napier,<br><br>               Plaintiff,<br><br>v.<br><br>Swiftfunds Financial Services LLC,<br><br>               Defendant. | No. CV-19-04600-PHX-DGC<br><br>**ORDER AND DEFAULT JUDGMENT** |

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Antonio Napier has filed a motion for default judgment against Defendant Swiftfunds Financial Services LLC. Doc. 15. For reasons stated below, default judgment is appropriate and will be entered in the amount of $1,000.00.

**I.    Background.**

Plaintiff alleges that on or about April 17, 2019, Defendant contacted Plaintiff in an attempt to collect a debt and threatened to report the alleged debt on Plaintiff's credit report if Plaintiff did not make an immediate payment. Doc. 1 ¶¶ 11-12. The complaint asserts multiple violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*: (1) Defendant used false or misleading representations in connection with the collection of a debt, in violation of § 1692e; (2) Defendant threatened to take action that could not be legally taken or that Defendant did not intend to take, in

violation of § 1692e(5); and (3) Defendant overshadowed Plaintiff's right to dispute the validity of the alleged debt by pressuring Plaintiff to make an immediate payment before sending Plaintiff proper notice of the alleged debt, in violation of § 1692g. *Id.* ¶¶ 18-20.

Defendant was served with the summons and complaint on September 19, 2019 (Doc. 7), but has not appeared in this action. Pursuant to Rule 55(a), the Clerk entered Defendant's default on October 30, 2019. Doc. 10. Plaintiff filed his motion for default judgment on January 30, 2020. Doc. 15. Defendant has filed no response and the time for doing so has expired. *See* Fed. R. Civ. P. 6; LRCiv 7.2(c).

## II. Default Judgment.

After the clerk enters default, the district court may enter a default judgment pursuant to Rule 55(b)(2). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court it is not required to make detailed findings of fact, *see Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), it should consider the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits, *see Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### A. Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of default judgment. Despite being served with process, Defendant has not answered or otherwise responded to the complaint. If default judgment is not entered, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B. Merits of the Claims and Sufficiency of the Complaint.

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states plausible claims for relief under the Rule 8 pleading standards. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978).

As noted, Plaintiff claims that Defendant violated the FDCPA by making false or misleading representations in attempting to collect the alleged debt, threatening to take action that was unlawful or that Defendant did not intend to take, and pressuring Plaintiff to make an immediate payment before sending Plaintiff proper notice of the alleged debt. Doc. 1 ¶¶ 8-20. These are viable claims for relief under the statute, and Plaintiff alleges sufficient facts to show Defendant's liability for statutory damages. *Id.* ¶¶ 21-22; *see* Doc. 15 at 4-6. The second and third factors favor default judgment.

### C. Amount of Money at Stake.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Plaintiff seeks only $1,000 in statutory damages. Docs. 1 at 5, 15 at 6 (citing 15 U.S.C. § 1692k(a)(2)(A)). The Court finds this amount reasonable.

### D. Possible Dispute Concerning Material Facts.

Given the sufficiency of the complaint and Defendant's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

### E. Whether Default Was Due to Excusable Neglect.

Plaintiff has filed an affidavit showing proper service of process on Defendant under Federal Rule of Civil Procedure 4(e). *See* Docs. 7, 9. It therefore is "unlikely that [Defendant's] failure to answer and the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). This factor weighs in favor of default judgment.

### F. Policy Favoring Decisions on the Merits.

As for the seventh factor, it is true that cases "should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, but the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive," *PepsiCo, Inc.*, 238 F. Supp. at 1177. Defendant's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *Gemmel*, 2008 WL 65604, at *5.

### G. Conclusion.

Most of the *Eitel* factors favor default judgment. Considering the factors as a whole, the Court concludes that default judgment is appropriate. The Court will enter default judgment against Defendant and award Plaintiff $1,000 in statutory damages. *See* 15 U.S.C. § 1692k(a)(2)(A).

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 15) is **granted**.
2. The Clerk shall enter Default judgment is entered in favor of Plaintiff and against Defendant Swiftfunds Financial Services LLC in the amount of **$1,000.00**.
3. Plaintiff shall file his application for attorneys' fees within 14 days of this order.

Dated this 14th day of February, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge